## JACOB KOHN, *vs.* HENRY C. JUSTICE.

It was denied, in case of Reyburn *vs.* Bassett & Brackett, (*Te. Sup. Ct.,*) that under the code of 1858, a judge at chambers is authorized to hear and determine motions to discharge an attachment. The ruling in that case was a proper interpretation of the code, and is decisive of this case.

*W. P. Gambell,* for plaintiff in error.

I. The judge had no authority to hear the motion to discharge the property from the attachment, in vacation. (*Reyburn vs. Brackett, Decision Sup. Court; Henderson vs. Officers of Franklin County, Jan. Term,* 1862.)

II. If the motion could be heard in vacation, the motion should have been overruled.

No counsel for defense.

By the Court, KINGMAN, J. This case is brought up on error from Leavenworth county, to reverse an order made at chambers, discharging an attachment.

The proceedings were under the code of 1858.

The first question presented to the court is, whether, under that code, a judge at chambers is authorized to hear and determine motions to discharge an attachment. This point was settled in the case of Reyburn *vs.* Bassett & Brackett, by the supreme court of the territory denying any such power to a judge at chambers. This ruling of that court was a proper in-

terpretation of the code, and with the reasoning by which it was supported we are satisfied.

This decision on this point renders it unnecessary for us to examine the other points raised in the petition in error.

The order discharging the attachment is reversed, and the cause remanded to the district court of Leavenworth county for further proceedings.